

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00377-CR

Jose Andres **ROMERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 7292
Honorable Albert D. Pattillo, III, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: October 19, 2022

DISMISSED

The trial court signed a judgment of conviction indicating that appellant Jose Andres Romero had pleaded guilty to the charged offense in the underlying case, and appellant filed a pro se notice of appeal. The clerk's record shows the trial court signed a certification stating the underlying case "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

This court has a duty to examine the record to determine whether the trial court's certification of defendant's right to appeal is accurate. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Generally, this review involves an examination of the clerk's record to determine whether the punishment assessed by the trial court exceeds the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Shankle v. State*, 119 S.W.3d 808, 811–12 (Tex. Crim. App. 2003). Here, because the clerk's record does not establish that the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, we ordered the court reporter to file the reporter's record of any hearings related to appellant's guilty plea. The reporter's record, which was filed on August 29, 2022, shows that appellant agreed to plead guilty in exchange for the State's agreement to: (1) waive two enhancement allegations; and (2) recommend that appellant's sentences run concurrently rather than consecutively. The reporter's record further shows that the trial court confirmed with appellant and his appointed counsel that these provisions were part of the plea agreement. Finally, the reporter's record shows that appellant stated that he understood that he was waiving his right to appeal as part of the plea agreement.

Based on these facts, we issued an order noting that the reporter's record appears to support the trial court's certification that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.) (holding that Rule 25.2 applies to plea agreements "[w]here a charge bargain effectively caps the maximum punishment"). We therefore notified appellant that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal was made part of the appellate record by October 3, 2022. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio

2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

On October 3, 2022, appellant's appointed counsel filed a letter stating that the record shows appellant waived his right of appeal and that counsel could not "find any legitimate or good faith legal or factual grounds to support filing an amended certification showing Appellant has the right to appeal." We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH